UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BLACK 13 ENTERPRISE, INC., | ) | |
| | ) | Case No. 1:21-cv-10877-GAO |
| v. | ) | |
| | ) | |
| TFL FRANCHISE SYSTEMS LLC | ) | |
| | ) | |

**TFL FRANCHISE SYSTEMS LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS
FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS**

*Introduction.*

TFL Franchise Systems LLC ("TFL") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's Complaint in its entirety because each of the four claims brought are barred by a clear and unambiguous general release of claims in the Franchise Agreement that is the subject of the lawsuit. Additionally, the claims in Count "C" for Fraudulent/Concealment/Fraudulent Inducement/Nondisclosure fail as a matter of law because there was no fiduciary or other special relationship of trust between the parties. Finally, plaintiff's claims in Count "D" for exemplary damages under Texas Civil Practice and Remedies Code Sec. 41.003(a) are barred by the Franchise Agreement's clear and unambiguous selection of Massachusetts substantive law (not Texas law) and by its waiver of punitive damage claims.

I.      **Legal Standard.**

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The "Complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir.2012.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 560 U.S.

544, 570 (2007.) A plausibility inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" and requires a two-step analysis:  the court must (1) separate legal conclusions from factual allegation; and (2) consider whether the residual allegations give rise to a plausible claim for relief.  *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) quoting *Iqbal*, 586 U.S. at 679.  To satisfy this standard, "[f]actual allegations must be enough to raise the right to relief above the speculative level."  *Clemens v. Town of Scituate,* 2009 WL 1448807 (2014).  Dismissal is appropriate if plaintiff's well pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief."  *Id.* citing *Ruiz Rivera v. Pfizer Pharm. LLC,* 521 F.3d 76, 84 (1st Cir. 2008).

Here, plaintiff's complaint should be dismissed because, despite its length, it asserts claims that have been clearly and unambiguously released, it asserts claims which require a special relation such as a fiduciary relationship which does not exist, and because it asserts a claim for punitive damages under Texas law despite the parties' clear and unambiguous election of Massachusetts law and waiver of punitive damage claims.

## II.    Factual Background.

Plaintiff asserts four separate claims, each arising out of a Franchise Agreement between the parties signed by plaintiff on October 24, 2018, a true and accurate copy of which is attached to the Complaint as Exhibit 2, Docket Entry 1-6. Plaintiff seeks rescission of the Franchise Agreement (Count A, ¶¶88-96); compensatory damages for alleged fraud by TFL prior to plaintiff's signing the Franchise Agreement (Count B, ¶¶97-101); compensatory damages for alleged fraudulent concealment/fraudulent inducement/fraud by nondisclosure by TFL prior to plaintiff's signing the Franchise Agreement (Count C, ¶¶102-106), and exemplary damages provided by Texas Civil Practice and Remedies Code Sec. 41.003(a).  (Count D, ¶¶ 107-109).

The Franchise Agreement includes, as Exhibit G, a "General Release and Waiver of Claims. *Docket Entry 1-6 at p. 48.* The terms of the General Release provide that plaintiff:

> hereby release and forever discharge [TFL] … from any and all claims, demands, obligations, liabilities, actions, causes of action, suits, proceedings, controversies, disputes, agreements, promises, allegations, costs, and expenses, at law or in equity, of every nature, character or description whatsoever, whether known or unknown, suspected or unsuspected or anticipated or unanticipated, which [plaintiff] … ever had, now has, or may, shall or can hereafter have or acquire (collectively referred to as "Claims"). This Release includes, but is not limited to, all Claims arising out of, concerning, pertaining to or connected with any agreement, tort, statutory violation, representation, nondisclosure, act, omission to act, fact, matter or thing whatsoever, occurring as of or prior to the date of this Release, so that after the date of this Release, none of the Releasing Parties shall have any claim of any kind or nature whatsoever against the Released Parties, directly or indirectly, or by reason of any matter, cause, action, transaction or thing whatsoever done, said or omitted to have been done or said at any time prior to the date of this Release …"

The Franchise Agreement separately provides that "except as to claims governed by federal law, Massachusetts law governs all claims that in any way relate to or arise out of this Agreement or any of the dealings of the parties …" *Docket Entry 1-6 at p. 35., ¶23.12* It further provides that "in any lawsuit, dispute or claim over any Claims, you and we agree to waive our rights, if any, to seek or recover punitive damages." *Docket Entry 1-6 at p. 35 ¶23.16.*

## III.  Argument

### A.    Plaintiff's Claims Are Barred By The General Release.

The interpretation of a contract is generally a question of law. *Suffolk Const. Co., v. Lanco Scaffolding Co., Inc.*, 47 Mass.App.Ct. 726, 729 (1999). Here, the Franchise Agreement clearly and unambiguously releases TFL from the claims asserted in the complaint: "this Release includes but is not limited to, all Claims arising out of, concerning, pertaining to or connected with any agreement, tort, statutory violation, representation, nondisclosure, act, omission to act, fact, matter or thing whatsoever, occurring as of or prior to the date of this Release …"  General releases are effective to release all claims even if the parties did not have in mind all of the wrongs which

existed at the time of the release.  *Schuster v. Baskin*, 354 Mass. 137, 140 (1968); *Naukeag Inn, Inc. v. Rideout*, 351 Mass. 353, 356 (1966); *Leblanc v. Friedman*, 438 Mass. 592, 598 (2003); *Eck v. Godbout*, 444 Mass. 724, 728 (2005); *Craft v. Regions Mortg. Inc.,* 769 F.Supp.2d 7, 10 (2011) (enforcing a release according to its plain an unambiguous terms and recognizing that Massachusetts "favors the enforcement of releases.").  Each of plaintiff's claims arise out of alleged misrepresentations or omissions by TFL prior to plaintiff's execution of the Franchise Agreement.  As a result, they are barred by the general release.

### B.     Plaintiff's Fraudulent Inducement Claim Fails Because There Is No Special Relation Between the Parties.

In Count "C" plaintiff seeks recovery for actionable fraud by nondisclosure in a context where a duty to disclose existed.  Plaintiff alleges that a duty existed because plaintiff was "an interested party to the Franchise Agreement," therefore a "fiduciary or other similar relation of trust and confidence" existed. ¶¶102-103.  This claim fails as a matter of law because a franchisor-franchisee relationship does not create a fiduciary duty.  *KBQ, Inc. v. E.I. du Pont de Nemours and Co.,* 6 F. Supp.2d 94, 101 (1998) citing *Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola, Co.,* 696 F.Supp. 57, 73-75 (1988) (distinguishing entities' interdependence for mutual benefit from the "complete trust and confidence" inherent in a fiduciary relationship.)  Plaintiff's complaint nowhere alleges facts plausibly suggesting that a fiduciary or similar relation of trust existed between the parties.  In addition the clear and unambiguous terms of the Franchise Agreement  state that:

> the parties intend by this Agreement to establish a relationship of franchisor and franchisee, each as an independent contractor, and it is not the intention of either party to establish a fiduciary relationship, to undertake a joint venture, to make Franchisee in any sense an agent, employee, Affiliate, associate or partner of Franchisor or to confer on Franchisee any authority to act in the name of or on behalf of Franchisor.

Since no fiduciary or other similar relationship of trust exists, there is no viable cause of action for fraudulent inducement.

### C.     The Franchise Agreement Bars Plaintiff's Claim for Exemplary Damages.

Count "D" seeks exemplary damages under Texas Civil Practice and Remedies Code Sec. 41.003(a)[1].  This claim is barred by the clear and unambiguous terms of the Franchise Agreement which state that Massachusetts law governs (*Docket Entry 1-6 at p. 35; ¶23.12*) and which provide that "in any lawsuit, dispute or claim over any Claims, you and we agree to waive our rights, if any to seek or recover punitive damages."  (*Docket Entry 1-6 at p. 35; ¶23.16*).

There is no reason to avoid the parties clear and unambiguous agreement to forego punitive damages or their clear and unambiguous selection of Massachusetts law.  Where parties express a specific intent as to governing law, Massachusetts courts will uphold the parties' choice as long as the result is not contrary to public policy.  *Oxford Global Resources, LLC v. Hernandez*, 480 Mass. 462, 468 (2018). In determining whether a result is contrary to public policy, a court will not honor the choice where (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice or (b) where application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and is the State whose law would apply in the absence of an effective choice of law by the parties.  *Id.*

Since TFL is a Massachusetts limited liability company with a home office in Braintree, Massachusetts.  *Complaint* ¶2, there can be no serious dispute as to Massachusetts' substantial

---

[1] Sec 41.003 provides for the recovery of exemplary damages resulting from fraud, malice or gross negligence.  The statute defines "exemplary damages" as "any damages awarded as a penalty or by way of punishment but not for compensatory purposes.  Exemplary damages are neither economic or noneconomic damages.  'Exemplary damages' includes punitive damages."  Sec. 41.001(5).

relation to the parties.  Plaintiff's argument that the complaint implicates Texas' locksmithing "policy" is incorrect.  Plaintiff seeks rescission and compensatory damages for alleged fraud and fraudulent inducement arising out of a franchise agreement.  Although the subject matter of the agreement involves the business of locksmithing, the issues presented by the complaint concern representations and interactions between parties to a franchise agreement. No aspect of state regulations relating to locksmithing will affect the outcome of plaintiff's complaint.  Instead, the complaint raises issues of common contract law that do not implicate significant issues of Texas policy or that are substantially different in either state and therefore do not merit disregarding the parties' clear and unambiguous choice of law and waiver of punitive damages.

<u>Conclusion</u>

For the reasons set forth above, plaintiff's complaint should be dismissed in its entirety.

DATED: August 9, 2021

Respectfully submitted,

TFL FRANCHISE SYSTEMS LLC

By its attorney,

*/s/ Christopher A. Callanan*

_____

Christopher A. Callanan (BBO# 630649)
CALLANAN LAW LLP
177 Huntington Avenue, Suite 1703
PMB 70409
Boston, MA 02115-3153
(617) 330-7575
*ccallanan@callanan-law.com*

<u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the above document to all counsel of record by electronic filing via the ECF system on August 9, 2021.

*/s/ Christopher A. Callanan*

_____

Christopher A. Callanan