IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **BLACK 13 ENTERPRISE, INC.**, | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | **Cause No: 1:21-cv-10877** |
| v. | § | |
| | § | |
| **TFL FRANCHISE SYSTEMS, LLC**, | § | |
| *Defendant*. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, Black 13 Enterprise, Inc., filing this response and objection to the Motion to Dismiss (Doc. 80) filed by Defendant, TFL Franchise Systems, LLC, regarding Plaintiff's Original Complaint.

SUMMARIZING, Defendants claim that several of Plaintiff's claims are barred by the Franchise Agreement between Plaintiff and Defendant. However, Plaintiff argues that the Franchise Agreement should not bar Plaintiff's claims because the agreement was obtained through fraud, which Plaintiff argues in its complaint.

## CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ 3
I.   LEGAL STANDARD ............................................................................................................... 4
   A.   Federal Rule of Procedure 8(a) ........................................................................................ 4
   B.   Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 4
II.  ARGUMENT ............................................................................................................................. 5
   A.   Plaintiff's claims are not barred by the Franchise Agreement. ........................................ 5
   B.   Plaintiff's claims are not barred by the general release because the agreement was obtained through fraud. ................................................................................................................ 6
   C.   Defendant had a duty to disclose. ..................................................................................... 7
   D.   Plaintiff's claims for Exemplary damages may not barred by the Franchise Agreement. 9
III. PRAYER .................................................................................................................................... 9

## TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ........................................................... 5

*Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) .................................. 4

*Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018)...................................................... 5

*Bates v. Southgate*, 308 Mass. 170, 183 (1941).............................................................................. 6

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................. 4, 5

*Elias Bros. Restaurants, Inc. v. Acorn Enterprises, Inc.*, 831 F. Supp. 920, 927 (D. Mass. 1993) 5

*Epos Tech. Ltd. v. Pegasus Techs. Ltd.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) ............................. 4

*Granlund v. Saraf*, 263 Mass. 76, 79 (1928) .................................................................................. 6

*Green v. Harvard Vanguard Med. Assocs., Inc.*, 79 Mass. App. Ct. 1, 9, 11; 944 N.E.2d 184
    (2011) ........................................................................................................................................ 6, 7

*Greenleaf Arms Realty Trust I, LLC v. New Boston Fund, Inc.*, 81 Mass. App. Ct. ...................... 6

*John Hancock Mut. Life Ins. Co. v. Banerji*, 62 Mass. App. Ct. 906, 909 (2004).......................... 5

*Kerrigan v. Boston*, 361 Mass. 24, 33, 278 N.E.2d 387 (1972)....................................................... 8

*Lingley v. Hoyland*, 99 Mass. App. Ct. 1102 (2020) ..................................................................... 6

*Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009)............................................................. 5

*Sapir vs. Dispatch Techs., Inc.*, Mass. Super., No. 1984CV00666BLS, 2019 WL 7707794 ..... 5, 6

*SEC v. Tambone*, 597 F.3d 436, 437 (1st Cir. 2010) ..................................................................... 5

*Stolzoff v. Waste Sys. Int'l., Inc.*, 58 Mass. App. Ct. 747, 755, (2003)..................................... 7, 8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)............................................................... 4

*Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385 (2004) ................... 8

Rules

Fed. R. Civ. P. 12(b)(6)................................................................................................................... 4

Fed. R. Civ. Pro. 8(a) ...................................................................................................................... 4

### I.   Legal Standard

#### A. Federal Rule of Procedure 8(a)

1. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. Pro. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); accord *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech. Ltd. v. Pegasus Techs. Ltd.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

2. Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Defendants' Motion would be considered proper only "where a plaintiff's complaint is 'unintelligab[le],' not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (internal citations omitted).

#### B. Federal Rule of Civil Procedure 12(b)(6)

3. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to Defendant's legal liability. The Federal Rules of Civil Procedure require that each claim include "a short and plain statement ... showing that the pleader is entitled to relief." Rule 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

4. In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *SEC v. Tambone*, 597 F.3d 436, 437 (1st Cir. 2010) (en banc). In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary claims or elements. *Twombly*, 550 U.S. at 545. This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**II.  Argument**

   **A. Plaintiff's claims are not barred by the Franchise Agreement.**

5. Massachusetts law provides that a party "may rescind a contract which he has been induced to enter into in reliance upon false and fraudulent representations as to material facts." *John Hancock Mut. Life Ins. Co. v. Banerji*, 62 Mass. App. Ct. 906, 909 (2004) (quoting *Elias Bros. Restaurants, Inc. v. Acorn Enterprises, Inc.*, 831 F. Supp. 920, 927 (D. Mass. 1993). Further, a release is not effective to bar a claim for fraudulent inducement. *Sapir vs. Dispatch Techs., Inc.*, Mass. Super., No. 1984CV00666BLS, 2019 WL 7707794, at *3 (Dec. 4, 2019)

(citing *Bates v. Southgate*, 308 Mass. 170, 183 (1941); *see also Granlund v. Saraf*, 263 Mass. 76, 79 (1928) ("It is a fundamental principle of law, as it is of morals, public policy and fair dealing, that a party cannot contract against liability for his own fraud.").

6. The majority of Defendant's arguments stem from the fact that Plaintiff and Defendant executed a Franchise Agreement and that the terms of that agreement limit Plaintiff's claims. However, Plaintiff claims in its complaint that the agreement itself was the result of fraudulent inducement, for which the Plaintiff seeks recourse.

7. Defendant may not hide behind the Franchise Agreement to escape liability for fraudulent representations it made to entice Plaintiff to agree to those provisions. The question of whether Defendant's representations were material and whether Plaintiff relied on those representations are questions of fact, which must be decided by the jury and are not disposable by a motion to dismiss. *Sapir*, 2019 WL 7707794, at *3 (citing *Greenleaf Arms Realty Trust I, LLC v. New Boston Fund, Inc.*, 81 Mass. App. Ct. 282, 290 (2012). Thus, because Plaintiff claims that the Franchise Agreement between Plaintiff and Defendant was obtained through fraud, the agreement may not function as a bar to Plaintiff's claims.

**B. Plaintiff's claims are not barred by the general release because the agreement was obtained through fraud.**

8. "A release is voidable if the released party either procures the release by fraud, or materially breaches the agreement, whereby the releasing party's obligations under the agreement would be excused." *Lingley v. Hoyland*, 99 Mass. App. Ct. 1102 (2020) (citing *Green v. Harvard Vanguard Med. Assocs., Inc.*, 79 Mass. App. Ct. 1, 9, 11, 944 N.E.2d 184 (2011).

9. For example, in *Green*, the defendant employer sought to dismiss the plaintiff's claims of a racially hostile work environment because the Plaintiff had signed an agreement containing a release for the Defendant from any claims the plaintiff had "or may have." *Green*, 79 Mass. App.

Ct. 1, at 5 (2011). The plaintiff signed the agreement, which provided for his resignation, based on fraudulent representations made by the defendant that it would employ him in another suitable position following his resignation. *Id.* at 11. The court held that if the jury could find that the plaintiff was induced to sign the agreement based on the defendant's fraudulent representations, which could be proven by extrinsic evidence, then "the jury could also find that he had been fraudulently induced to sign the release," rendering the release unable to bar the plaintiff's claims. *Id* at 11–12.

10. Here, Defendant argues in its Motion that Plaintiff's claims are barred because the franchise agreement between Plaintiff and Defendant contains a general release, relieving Defendant of all liability for claims arising out the agreement. But the release which Defendant cites is a part of the agreement that Plaintiff argues was a result of Defendant's fraudulent representations. Because the Franchise Agreement is voidable, based on Defendant's fraudulent inducement, it follows that the release, which is a part of the agreement, is also voidable.

11. Because the general release in the parties' franchise agreement is voidable due to Defendant's fraud, plaintiff's claims based on those fraudulent representations are not barred.

    **C. Defendant had a duty to disclose.**

12. As Plaintiff states in its Complaint, where a claim involves nondisclosure of a fact, it is actionable as fraud when there is a duty to disclose. *Stolzoff v. Waste Sys. Int'l., Inc.*, 58 Mass. App. Ct. 747, 755, (2003). A defendant has a duty to disclose "where (i) there is a fiduciary or other similar relation of trust and confidence, (ii) there are matters known to the speaker that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading, *or* (iii) the nondisclosed fact is basic to, or goes to the essence of, the transaction." *Id.* (emphasis added).

13. Plaintiff argues in its complaint that Defendant's actions giving rise to this action constitute fraud by nondisclosure. But Defendant argues in its motion that Plaintiff's claim fails as a matter of law because a franchisor-franchisee relationship do not create a fiduciary duty. Defendant claims that because there is no special arising from a franchisor-franchisee relationship, no fiduciary or other similar relationship existed as spelled out in *Stolzoff*.

14. However, Defendant fails to acknowledge Plaintiff's claims that a duty to disclose existed not only because of (i) a relation of trust and confidence but also because of (ii) Defendant's discovery of new information that made a prior representation misleading or untrue, (iii) Defendant's creation of a false impression by making a partial disclosure; and (iv) Defendant's voluntary disclosure of information giving rise to a duty to disclose the whole truth. *See* Complaint, Doc. No. 1, ¶ 103. Plaintiff's complaint also describes how Defendant's agents mislead Plaintiff, leaving out key details material to the transaction. ¶¶ 27, 30, 31, 35, 41–42.

15. Further, Massachusetts law states that a duty of good faith and fair dealing is implied in every contract. *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385 (2004) (citing *Kerrigan v. Boston*, 361 Mass. 24, 33, 278 N.E.2d 387 (1972). Defendant had an implied duty to act in good faith and deal fairly with Plaintiff even if that duty did not arise out of the franchisor-franchisee relationship.

16. Therefore, even if no special duty existed between Plaintiff and Defendant based on a franchise relationship, Defendant still had a duty to disclose, based on Plaintiff's duty of good faith and fair dealing. Additionally, Defendant had a duty to disclose because it made disclosures that it knew had subsequently become misleading based on new information.

**D. Plaintiff's claims for Exemplary damages is not barred by the Franchise Agreement.**

17. Defendant argues that Plaintiff's claim for exemplary damages is barred, again by the Franchise Agreement. However, as argued previously by Plaintiff, because the Franchise Agreement was entered into based on Defendant's fraudulent representations, the terms of the agreement may not bar Plaintiff's claims for fraud.

## III. Prayer

Plaintiff Black 13 Enterprise prays that this Honorable Court deny the Motion to Dismiss filed by Defendant and for all other relief, both general and special, at law and in equity to which it may be entitled.

> Respectfully submitted,
>
> NORRED LAW, PLLC
> /s/ Warren V. Norred
> Warren V. Norred, Texas Bar No. 24045094; wnorred@norredlaw.com
> 515 E. Border Street; Arlington, Texas 76010
> Tel. (817) 704-3984; Fax. (817) 524-6686
> Attorney for Plaintiff, admitted *pro hac vice*

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service in the instant case via the Court's e-file system on August 30, 2021.

> /s/Warren V. Norred